DUNCAN McGREGOR v. JAMES McGREGOR.

·Where the appeal is from an order of the General Term of the Supreme Court
affirming an order at Special Term, awarding an extra allowance of costs,
and the case sets forth no judgment, nor does it appear that any judgment
had been entered, the appeal should be dismissed.

APPEAL from order of the General Term of the Supreme
Court, affirming an order at Special Term, awarding an extra
allowance of costs.

. The facts appearing by the appeal papers are these: The
action was at issue, and had been noticed by the defendant
for trial at a Circuit Court in February, 1863. The cause
was called in its order on the 26th February, and moved for
trial by the defendant. The plaintiff, although present with
counsel, offering no evidence, the defendant moved for and
obtained a dismissal of the complaint; and thereupon moved
for an extra allowance, the counsel for plaintiff being in court.
The decision being reserved to the 28th February, Judge
POTTER, holding the Circuit and Special Term on that day,
made an order denying the motion. The defendant appealed
and procured a reversal of that order, and the remission of
the motion to Justice POTTER. On the rehearing, the plain-
tiff and the defendant appeared by their respective counsel,
and the plaintiff read an affidavit of his counsel and his own,
made on the 26th November, 1863, and after the disposition
of the motion at General Term.

On the 4th January, 1864, an order was made and entered
at Special Term, that there be allowed to the defendant for
costs, on the ground of the action being difficult and extra-
ordinary, the sum of two hundred dollars, besides the taxable
costs of said action.

This order on appeal was affirmed. The plaintiff brings
an appeal to this court. The notice of appeal purports to be
from so much of the judgment entered in the action " as
relates to an extra allowance of costs therein in favor of the
defendant of $200, on the ground that there has been a trial

thereon, and that the action was difficult and extraordinary ;" and also from all orders of the court in favor of such allowance to the defendant, or deciding that there had been a trial of the action.

The case sets forth no judgment; nor does it appear, except by inference, that any has been entered. The appeal is, in substance, from the order affirming the order made at Special Term granting to the defendant an extra allowance of costs.

*G. Stow*, for the appellant.

The court below erred in affirming the order made at Special Term, granting to the defendant an extra allowance of costs on the ground of the action being difficult and extraordinary.

1. The power to grant an extra allowance, for such a cause, is restricted to cases where there has been a trial. (Code, § 309.)

2. "A trial is the judicial examination of the issues between the parties," whether of law or of fact. (Code, § 252.)

3. The "*judicial examination*" here intended, is that action of the court, or of the jury, which determines the issues for the plaintiff or defendant, since that, and that only, is declared to be a trial.

4. An issue of *law* must be tried by the court, and issue of *fact* by a jury. (Code, § 253.)

5. The issue here intended is an issue made by the pleadings. (See Code, § 248.)

6. There was no jury; the complaint was dismissed under a rule of court, because the plaintiff did not appear. What issue of law was there to try?

*W. A. Beach*, for the respondent.

1. The order of the General Term is not appealable. This court, in two reported cases, has considered, on appeal, the question of extra allowance. (*Decker* v. *Gardiner*, 8 N. Y., 29; *The People* v. *Clark*, 9 id., 349.) But the point was not raised, and seems to have received no consideration.

This order clearly does not fall under subd. 2, or 3, of § 11 of the Code. Granting it effects a substantial right, it does not determine the action and prevent a judgment, or grant or refuse a new trial. Nor is it made in a special proceeding, or upon a summary application after judgment. Of necessity the motion for special allowance must be made before judgment. It was so made in this case.

If the order can be reviewed at all, it must be under subd. 1 of § 11. Notice of appeal purports to be from so much of the judgment " as relates to an extra allowance of costs." This is not an appeal from a judgment in the sense of the section. The case sets forth no judgment. It does not appear, except by inference, that any judgment has been entered.

2. The term trial, as used in § 309, means the examination and disposition of an action, according to the laws of the land.

It by no means requires that witnesses should be sworn. The defendant may demand and receive judgment upon the pleadings, or upon the opinions of counsel.

The fact of a trial consists in having an action properly before the court, and then legally disposing of it by the court.

Wright, J. The point is raised preliminarily that the order is not appealable, and I confess I am at a loss for a satisfactory answer to it. Our jurisdiction is limited to a review upon appeal of an actual determination made at a General Term of the Supreme Court in certain cases. These are : 1st. In a judgment in an action commenced in the Supreme Court, or brought there from another court; and upon the appeal from such judgment to review any intermediate order involving the merits and necessarily affecting the judgment; 2d. In an order affecting a substantial right made in such action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken, and when such order grants or refuses a new trial; and, 3d. In a final order affecting a substantial right made in a special proceeding, or upon a summary application, in an action after judg-

ment. (Code, § 11.) An order granting an extra allowance of costs may affect a substantial right, but it does not determine the action and prevent a judgment. Nor is it a final order made in a special proceeding, or upon a summary application in an action after judgment. Necessarily, it must be made before judgment, as an extra allowance of costs enters into and forms a part thereof. If, then, the order can be reviewed at all, it must be under the first subdivision of section 11, which authorizes, on an appeal from a judgment, a review of any intermediate order involving the merits and necessarily affecting the judgment. But here there is no appeal from a judgment in the sense of the section. The notice of appeal purports to be from so much of the judgment in the action " as relates to an extra allowance of costs," but the case sets forth no judgment, nor does it appear, except by inference, that any had been entered. Passing by this objection, however, the intermediate order, to be reviewable, must involve the merits and necessarily affect the judgment. An order for an additional allowance of costs may be an order affecting the judgment, but it, in no sense, involves the merits.

The appeal dismissed.